Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA FISK, | ) Case No.: 1:19-cv-33 |
| | ) |
| Plaintiff, | ) |
| v. | ) **COMPLAINT** |
| | ) |
| COLLECTION BUREAU, INC., an Idaho corporation, and MARK L. CLARK, PLLC, an Idaho professional limited liability company. | ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff Rebecca Fisk, by and through her counsel of record, Ryan A. Ballard of Ballard Law, PLLC, and allege her causes of action against Defendants as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this District because the acts and transactions occurred here and all the

parties reside or transact business here.

## PARTIES

4. Plaintiff Rebecca Fisk is a natural person residing in Canyon County, Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). The debt that is the subject of this action was incurred primarily for family, personal or household purposes.

5. Defendant Collection Bureau, Inc. ("CBI") is an Idaho corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 719 1st St. S., Nampa, ID 83651.

6. CBI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. The principal purpose of CBI is the collection of debts owed or due or asserted to be owed or due to another.

8. CBI uses instrumentalities of interstate commerce and the mails in its business.

9. CBI is licensed to do business in Idaho and can be served through its registered agent, Mark L. Clark at 719 1st St. S., Nampa, ID 83651.

10. Defendant Mark L. Clark PLLC ("Clark") is a "debt collector" as defined by 15 U.S.C. § 1692a(6)

11. Clark is law firm with its principal place of business at 812 1st Street South, Nampa, ID 83653.

12. The principal purpose of Clark is the collection or attempted collection of debts, directly or indirectly, owed or due or asserted to be owed or due to another.

13. Clark uses the mails and telephones in its collection or attempted collection of debts.

14. None of the exceptions to the term "debt collector" under the FDCPA apply to CBI or Clark.

15. The alleged debt that CBI and Clark sought to collect from Plaintiff was in default when they began their collection efforts.

## GENERAL ALLEGATIONS

16. CBI sent Ms. Fisk a letter dated August 28, 2018, attached as Exhibit 1.

17. The letter claimed she owed a debt to Mountain West Bank.

18. The letter stated that "As of the date of this letter, the amount due is $858.01. Because of interest and other charges, if applicable, that may vary from day to day, the amount due on the day we receive your payment may be greater."

19. Upon information and belief, interest was accruing on the alleged debt.

20. Clark sent Ms. Fisk a letter dated November 27, 2018, attached as Exhibit 2.

21. The letter claimed Ms. Fisk owed a debt to Mountain West Bank in the amount of $885.06 and another debt to Pioneer Federal Credit Union for $1,735.89.

22. The letter stated that "Because of interest and other charges, if applicable, that may vary from day to day, the amount due on the day we receive your payment may be greater."

23. Upon information and belief, interest was accruing on the alleged debts.

## VIOLATION OF THE FDCPA – MISREPRESENTATIONS IN CBI LETTER

24. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

25. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

26. "[T]he FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors." *Clark v. Capital Credit & Collection Services, Inc.,* 460 F.3d 1162, 1171 (9th Cir.2006).

27. It prohibits, and imposes strict liability and both statutory and actual damages for, a wide

range of abusive and unfair practices. *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1030 (9th Cir.2010).

28. 15 U.S.C. § 1692e states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. The August 28 letter CBI sent to Ms. Fisk stated: "As of the date of this letter, the amount due is $858.01. Because of interest and other charges, if applicable, that may vary from day to day, the amount due on the day we receive your payment may be greater."

30. Interest was accruing on the debt, but CBI deceptively used the phrase "if applicable" in reference to whether interest was accruing.

31. "A collection notice can be misleading if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.' " *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016).

32. CBI's letter expresses two possibilities by its use of the clause "if applicable": 1) interest is accruing and 2) interest is not accruing.

33. Since interest is accruing, it is inaccurate to suggest interest may not be accruing.

34. In *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir.2000), the court provided safe harbor language for letters to help collectors avoid a § 1692g claim:

> As of the date of this letter, you owe $____ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number].

35. In *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016), the court extended that holding to § 1692e claims.

**Complaint - Page  4  of 6**

36. CBI's letter says uses similar language to the first two sentences of the *McCalla* safe harbor language, but then makes two mistakes: first, it adds the phrase "if applicable" which makes it so the consumer does not know if interest is accruing or not, and second, it leaves out the last two sentences of the safe harbor language which would inform the consumer what happens if interest is accruing and how to find out what the most current and accurate balance is.

37. Those two deviations from the *McCalla* safe harbor language cause CBI's letter to be deceptive, confusing, and misleading, which is a violation of 15 U.S.C. § 1692e.

38. Therefore, Ms. Fisk is entitled to statutory damages against CBI.

**VIOLATION OF THE FDCPA – MISREPRESENTATIONS IN CLARK LETTER**

39. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

40. The November 27 letter from Clark to Ms. Fisk further truncates the *McCalla* safe harbor language by stating: "Because of interest and other charges, if applicable, that may vary from day to day, the amount due on the day we receive your payment may be greater."

41. A false representation of the "amount . . . of any debt" violates § 1692e.

42. The amount must be clearly stated as to not confuse the least sophisticated consumer. *Clark v. Capital Credit & Collection Serv., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006)

43. The least sophisticated consumer includes "consumers of below average sophistication or intelligence or those who are uninformed or naïve, particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011).

44. By inserting the clause "if applicable" and by deleting the first, third, and fourth sentences of the *McCalla* safe harbor language, Clark has made it impossible for the least sophisticated

consumer to determine whether it is in her best interest to pay the alleged debt immediately, or whether she has more time to make the payment because there is no interest accruing.

45. A debt collector has the duty to give a consumer accurate information so that she can make an informed decision.

46. The deviations from the *McCalla* safe harbor language cause Clark's letter to be deceptive, confusing, and misleading, which is a violation of 15 U.S.C. § 1692e.

47. Therefore, Ms. Fisk is entitled to statutory damages against Clark.

## PRAYER FOR RELIEF

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendants for:

A. Statutory damages of up to $1,000 against each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B. Attorney's fees, litigation expenses, and cost of suit pursuant to 15 U.S.C. § 1692k(a)(3); and

C. Such other and further relief as the Court deems proper.

DATED: January 28, 2019.

/s/ Ryan A. Ballard
Ryan A. Ballard
Ballard Law, PLLC